### BOGIN v. GOODMAN.

(Supreme Court, Appellate Term. May 27, 1909.)

APPEAL AND ERROR (§ 179*)—PRESENTATION OF QUESTIONS IN LOWER COURT—ADMISSION OF EVIDENCE.

A juror asked defendant two questions, and, after defendant had answered both, his counsel objected, the objection was overruled, and plaintiff's counsel said that he would consent that the evidence be stricken out; but defendant's counsel objected to its being stricken out, and made no request to have it disregarded. *Held*, that the reception of the evidence and the overruling of the objection did not constitute reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 179.*]

Seabury, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Abraham Bogin against William Goodman. From an order setting aside the verdict for plaintiff, he appeals. Reversed, and verdict reinstated.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Abraham Oberstein, for appellant.

James, Schell & Elkus (E. J. Treacy, of counsel), for respondent.

PER CURIAM. The plaintiff, while descending a flight of stairs in going from his apartment to the street, caught his foot in a piece of tin that was used to fasten the oilcloth to the stairs, which tin had become worn and projected above the oilcloth, and fell, causing the injuries for which he sued and recovered a judgment for $250. The verdict of the jury was set aside, and from the order granting a new trial the plaintiff appeals.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It was shown that the defective condition of the stair fastening had existed for about one month prior to the accident. The defendant was the owner of the premises and acted also as the janitor. There was sufficient evidence from which the jury could find absence of negligence on the part of the plaintiff and negligence on the part of the defendant, and there was no exception to the judge's charge, which was perfectly fair and presented the questions plainly and concisely to the jury, and no request to charge otherwise was made by either party. The defendant urges that there was reversible error committed upon the trial arising out of the following occurrence: A juror asked the defendant the following question:

"Q. Do you know whether accident insurance is carried there by the owners? A. Yes. Q. Have you a policy? A. Yes, sir."

After these questions had been answered, the defendant's counsel then objected as "incompetent, irrelevant, and immaterial." This objection was overruled. The plaintiff's counsel then said: "I consent that it be stricken out." The defendant's counsel said: "I object to its being stricken out." It will be seen that no objection was made until after the questions had been fully answered, and also that the defendant's counsel objected to having the evidence stricken out. The evidence was not adduced by the plaintiff, nor was he responsible for its production. In view of the fact that the defendant's counsel seemed desirous of having the testimony remain in, and made no request to have it disregarded by the jury, there was no reversible error committed in connection therewith. The case was fairly tried, and there was no reason for setting aside the verdict of the jury.

Order reversed, and verdict reinstated, with costs to appellant in this court and in the court below.

SEABURY, J. (dissenting). The question propounded by the juror as to whether the defendant carried accident insurance, and the admission by the witness to whom the question was addressed, gives rise to the inference that the jury were influenced by this consideration. The trial justice set aside the verdict of the jury, and was evidently of the opinion that the verdict was the result of prejudice. I think that great weight should be accorded to the judgment of the trial court, and in a case of this kind, where the improper matter which was brought before the jury by the juror's question was of such a character that it was likely to prejudice the jury, the opinion of the trial court should be considered as conclusive upon the question. Verdicts have repeatedly been set aside when the question which the juror in this case asked was asked by counsel. It is true that in some of these cases the decisions have been placed upon the ground that counsel was guilty of misconduct in propounding such a question. This, however, is not the only ground for such decisions. If the matter brought before the jury was not prejudicial, the courts would not set aside the verdict merely as a punishment to counsel, but would inflict some punishment upon the attorney, which would not have to be borne by the client.

It is true that, when the juror asked this question, counsel for the defendant made no objection to it. This fact, however, did not pre-

vent the trial court from setting aside the verdict, if it believed, as in this case it evidently did, that the defendant's rights had been prejudiced by the question and answer. It is a fact, which I think all trial judges have observed, that attorneys frequently hesitate to object to questions propounded by jurors. If the defendant's attorney had objected to this question, and the objection had been sustained, it is not improbable that the jury would, on this account, have drawn an inference from this fact adverse to the defendant. When the juror propounded the improper question, I think it was the duty of the learned trial judge sua sponte to have instructed the juror who asked the question that it was improper, and that it related to a matter not proper for the jury to consider.

I vote in favor of affirming the order appealed from.